Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JESÚS MONTAÑEZ RAMOS<br><br>Recurrente<br><br>V.<br><br>ÁREA RÉCORD 296 GUAYAMA ADMINISTRACIÓN DE CORRECCIÓN<br><br>Recurrida | KLRA202500132 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>GMA-296-226-24<br><br>Sobre:<br>Cambio de fecha de cumplimiento de sentencia |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez Ponente.

**SENTENCIA**

**I.**

En San Juan, Puerto Rico, a 25 de marzo de 2025.

El 27 de febrero de 2025, el señor Jesús Montañez Ramos (recurrente o el señor Montañez Ramos), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), compareció por derecho propio en solicitud de que revisemos una *Hoja de Control de Liquidación de Sentencia de Cómputos* del 3 de octubre de 2023.[1]

Surge del referido documento que, tras adjudicar al recurrente las bonificaciones, la nueva fecha máxima y mínima de cumplimiento de la *Sentencia* emitida el 13 de marzo de 2018 por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI) eran el 26 de abril de 2029 y el 16 de noviembre de 2024, respectivamente. En su comparecencia, el señor Montañez Ramos planteó que el DCR incidió al computar erróneamente el tiempo cumplido en detención preventiva y las bonificaciones que se le han aplicado.

---

[1] Apéndice de *Revisión Administrativa*, pág. 11.

Del expediente surge que el 16 de septiembre de 2024, el recurrente presentó una *Solicitud de Remedio Administrativo*, en la que solicitó examinar la *Hoja de Control de Liquidación de Sentencia de Cómputos*. Sin embargo, es menester destacar que el señor Montañez Ramos no acompañó junto a su recurso documento alguno que nos permitiera entrever que el DCR adjudicó la *Solicitud de Remedio Administrativo*. Más importante aún, el documento que se nos solicitó revisar, la *Hoja de Control de Liquidación de Sentencia de Cómputos*, fue emitido hace más de un año.

Por virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 Ap. XXII-B R. 7, prescindimos de la comparecencia de las posibles partes con interés en este caso, con el propósito de lograr el más justo y eficiente despacho.

**II.**

**A. <u>Jurisdicción</u>**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386. Dado que un foro judicial no puede asumir discrecionalmente jurisdicción donde no la hay, el primer factor que debe considerar al evaluar una situación jurídica es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, los foros judiciales estamos llamados a ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos jurisdiccionales son privilegiados y se atienden con prioridad. De lo contrario, la falta de jurisdicción conlleva como consecuencia:

que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.*

Por ello, cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede que inmediatamente desestime el recurso apelativo, sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles, supra,* pág. 501; *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012). En tal virtud, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, dispone que este Foro tendrá facultad para desestimar a iniciativa propia cualquier recurso por carecer de jurisdicción, no haber sido perfeccionado de acuerdo con la ley, no haber proseguido con la diligencia debida o de buena fe, que sea frívolo, o que se convirtió en académico.

En lo que nos concierne, la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra,* R. dispone que un escrito para recurrir una determinación administrativa deberá ser presentado dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia.

### B. <u>Agotamiento de remedios administrativos</u>

Las determinaciones administrativas están sujetas al proceso de revisión por parte del Tribunal de Apelaciones. Art. 4.006 de la *Ley de la Judicatura de Puerto Rico,* Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y. No obstante, el ámbito de revisión judicial de las determinaciones administrativas posee limitaciones de naturaleza prudencial y estatutaria. *AAA v. UIA,* 200 DPR 903, 911 (2018). A saber, el referido Artículo 4.006 de la Ley de la Judicatura, *supra,* sec. 24y, dispone que esta Curia apelativa podrá revisar

decisiones, órdenes y resoluciones finales de los organismos administrativos. Además, la Sección 4.2 de la *Ley de procedimiento administrativo uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672 (LPAUG), dispone que:

> **Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.** (Énfasis nuestro).

Por tanto, la revisión judicial de las determinaciones administrativas debe cumplir con dos requisitos: que sean decisiones, órdenes o resoluciones finales y que se hayan agotado todos los remedios administrativos. *AAA v. UIA, supra*, pág. 912; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2014). La doctrina de agotamiento de remedios administrativos es una norma de autolimitación judicial cuyo propósito es evitar una intervención judicial a destiempo que interfiera con el cauce de un procedimiento administrativo. *Moreno Ferrer v. JRCM*, 209 DPR 430 (2022). Al amparo de la doctrina de remedios administrativos, una parte no tendrá a su disposición la revisión judicial hasta que haya utilizado todos los procedimientos ofrecidos en la esfera administrativa. *AAA v. UIA, supra*, pág. 913. De esta forma, se permite que la agencia desarrolle un historial completo del asunto ante su consideración, se asegura que la agencia adopte las medidas correspondientes con la política pública y se evita disloque causados por intervenciones inoportunas de los tribunales en las etapas interlocutorias. *Íd.*, pág. 914; *Procuradora Paciente v. MCS*, 163 DPR 21, 35 (2004); *Guadalupe v. Saldaña, Pres. UPR*, 133 DPR 42, 49 (1993). Asimismo, la agencia puede culminar todos los trámites administrativos y adjudicar todas

las controversias pendientes ante sí de forma tal que se refleje la posición final de la agencia. *Procuradora Paciente v. MCS, supra*; *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483, 490 (1997). Ahora bien, el foro judicial puede preterir la aplicación de la doctrina de agotamiento de remedios. En tal sentido, la Sección 4.3 de LPAUG, *supra*, sec. 9673, dispone que:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

Sobre el particular, la parte que pretende acudir al foro judicial debe demostrar hechos específicos y bien definidos por los cuales se debe preterir el cauce administrativo. *Procuradora Paciente v. MCS, supra*, pág. 36.

### C. <u>Revisión judicial</u>

La Regla 56 y siguientes del Reglamento del Tribunal de Apelaciones, *supra*, R. 56 y siguientes, rige el trámite de las revisiones de los asuntos administrativos. En particular, la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, R. 59, regula el contenido del recurso de revisión. Así, todo recurso de esta naturaleza debe incluir uno o varios señalamientos de error, los cuales, además deben ser discutidos; de igual manera debe contener una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión incluyendo la fecha en que fue dictada y la fecha en que se archivó en autos copia de la notificación a las partes. También, deberá presentarse un apéndice, el cual tiene que contener copia de las alegaciones de las partes ante la agencia recurrida; y copia de la querella, orden, resolución o providencia administrativa recurrida, así como de toda moción, resolución u orden necesaria

para establecer la jurisdicción de este Tribunal o que sea pertinente para la controversia.

**III.**

Tras realizar un examen minucioso del expediente ante nuestra consideración, concluimos que carecemos de jurisdicción para atender el recurso presentado por el señor Montañez Ramos. Esto, ya que el recurrente no nos colocó en posición para ejercer nuestra función revisora. En principio, el recurrente nos solicita que revisemos una *Hoja de Control sobre Liquidación de Sentencia* del 3 de octubre de 2023. Dicho documento es un formulario interno del DCR que no constituyó una determinación final de la agencia que este Tribunal tuviese competencia para revisar. *Véase* Artículo 4.006 de la Ley de la Judicatura, *supra*, sec. 24y. De otra parte, el señor Montañez Ramos no presentó documento alguno que nos permitiese entrever que el DCR adjudicó la *Solicitud de Remedio Administrativo* que presentó el 16 de septiembre de 2024, lo que impide este Tribunal tenga el beneficio de contar con un expediente completo que plasme claramente la controversia que se nos solicitó atender. Ello, en claro incumplimiento con las Reglas del Tribunal de Apelaciones, *supra*.

A lo anterior, debemos reiterar la norma a los efectos de que el hecho de que un litigante comparezca por derecho propio no justifica el incumplimiento con las reglas de este Tribunal, ya que constituye un impedimento para ejercer nuestra jurisdicción y atender el recurso en sus méritos. Véase *Febles v. Romar*, 159 DPR 714 (2003).

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso presentado por el recurrente por ausencia de jurisdicción y en atención al craso incumplimiento del recurrente con las disposiciones del Reglamento de este Tribunal.

El DCR deberá entregar copia de la presente *Resolución* al señor Montañez Ramos en cualquier institución donde se encuentre confinado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones